UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23844-CIV-MORENO
05-20235-CR-MORENO

MARCOS GAMINO,

       Movant

vs.

UNITED STATES OF AMERICA,

       Respondent.

_____

REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Movant's Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 7) and the Government's Motion to Stay the Proceedings (ECF No. 16), which were referred on October 30, 2020, to United States Magistrate Judge, Lurana S. Snow, for Report and Recommendation. (ECF No. 13) The Motions are fully briefed and oral argument was conducted on November 20, 2020.

I. PROCEDURAL HISTORY

On March 22, 2005, the Movant was charged by indictment with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (Count 1); attempt to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (Count 2); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 3); attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 4); conspiracy to use and carry a firearm in furtherance of a crime of violence and a drug trafficking crime, as alleged in Counts 1-4, in violation of 18 U.S.C. § 924(o) (Count 5), and carrying a firearm in furtherance of

a crime of violence or drug trafficking crime, as alleged in Counts 1-4, in violation of 18 U.S.C. § 924(c) (Count 6). (Case No. 05-cr-20235, ECF No. 14)

The Movant proceeded to trial, and on August 18, 2005, a jury found him guilty of all counts of the Indictment. (Id., ECF No. 81) On November 3, 2005, this Court sentenced the Movant to 235 months imprisonment as to Counts 1-4; 120 months as to Count 5, to run concurrently with the sentence on Counts 1-4; and 60 months on Count 6, to run consecutively to the sentences on Counts 1-5. ( Id., ECF No. 98) The Movant appealed, asserting as grounds: (1) the "reverse sting" operation which gave rise to the charges against him violated his right to Due Process under the 5th Amendment; (2) the trial judge improperly induced a Government informant to assert his right against self-incrimination but failed to grant immunity to the informant, and (3) the evidence presented at trial was insufficient to support the Movant's convictions. (Id., ECF No. 126 at 4-5) On June 13, 2007, the Eleventh Circuit Court of Appeals affirmed the judgment of this Court. (Id., ECF No. 126 at 15).

On December 22, 2008, the Movant, proceeding pro se, filed his first motion to vacate sentence under 28 U.S.C. § 2255. In that motion, the Movant asserted that he was entitled to relief because (1) the tactics employed by the Government violated his right to Due Process and (2) he was denied his right to effective assistance of counsel because his lawyer failed to: present evidence of the Government's outrageous conduct; investigate the issues of a witness' right to refuse to testify and the trial court's grant of immunity, and to call the Movant as a witness at trial. This Court denied the motion and the Eleventh Circuit declined to grant the Movant a certificate of appealability. Gamino v. United States, Case No. 08-cv-23521 (S.D.Fla. 2008) (ECF Nos. 12, 27)

On August 3, 2016, the Eleventh Circuit granted the Movant's request to file a successive § 2255 motion. (Case No. 05-cr-20235, ECF No. 151) In that motion, the Movant argued that his conviction on Counts 5 and 6 were unconstitutional under Johnson v. United States, 576 U.S. 591 (2015). Gamino v. United States, Case No. 16-cv-23322 (S.D.Fla. 2016). This Court denied the motion (Id.,ECF No. 17), and on November 28. 2017, the Eleventh Circuit denied the Movant's request for a certificate of appealability. The appellate court determined that the Movant's claim was not based on Johnson, but instead was premised on United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319 (2019), and stated that the Movant could file a timely application of a successive § 2255 motion based on Davis. Order, Gamino v. United States, No. 17-15241-F (11th Cir. July 26, 2019).

On September 12, 2019, the Eleventh Circuit granted the Movant leave to file the instant Motion, which seeks relief under Davis. (ECF No. 1).

## II. MOTION TO VACATE UNDER § 2255

### A. The Motion

The Movant argues that his sentences on Counts 5 and 6 must be vacated in light of Davis, which held that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B)[1], the "residual clause" of the statute, is unconstitutionally vague. In its Order granting the Movant leave to file the instant Motion, the Eleventh Circuit found that the Movant had made the requisite prima facie showing that he had met the criteria of § 2255(h)(2), which permits a movant to file a successive motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The court stated that although

---

[1] 18 U.S.C. § 924(c)(3)(B) defines a crime of violence as one "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

3

Count 5 and Count 6 each listed multiple predicate offenses, one of those predicates on each count was conspiracy to commit Hobbs Act robbery, as to which there was no binding precedent holding that it qualifies as a crime of violence under the "elements clause": § 924(c)(3)(A). Further, because the jury returned a general verdict, it was unclear whether Hobbs Act conspiracy was the offense which served as the basis for the jury's verdict on Count 5 and/or Count 6. (ECF No. 1 at 4-7) After the instant Motion was filed, the Eleventh Circuit held that conspiracy to commit a Hobbs Act robbery is not a "crime of violence" for purposes of the elements clause. Brown v. United States, 942 F. 3d 1069 (11th Cir. 2019).

The Movant argues that this Court must operate on the assumption that the jury convicted him on Counts 5 and 6 based on the invalid predicate offense of Hobbs Act conspiracy. The Movant relies on Stromberg v. California, 283 U.S. 359 (1931), which holds that "a general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground." Zant v. Stephens, 462 U.S. 862, 881 (1983).

The Movant also cites In re Gomez, 830 F.3d 1225 (11th Cir. 2016). In that case, as here, the indictment was "duplicitous" because it listed multiple potential predicate offenses in a single § 924(c) count. As a result, the court noted that it was impossible to ascertain what the jury found with regard to Gomez' connection to a gun and the alleged predicate crimes. This is because "a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty to conspiring to carry a firearm during one of the predicate offenses, all of the predicate offenses, or guilty of conspiring during some and not others." Id. at 1227. The court found that this lack of clarity particularly significant in light of Alleyne v. United States, 570 U.S.

4

99 (2013), stating: "Alleyne held that because these findings 'increase the mandatory minimum sentence,' they are 'elements and must be submitted to the jury and found beyond a reasonable doubt.'" Gomez, 830 F.3d at 1227 (quoting Alleyne, 570 U.S. at 108)). Although a reviewing court, based on the trial record, could guess the predicate on which the jury relied, "Alleyne expressly prohibits this type of 'judicial factfinding' when it comes to increasing a defendant's mandatory minimum sentence." Id. at 1228.

The Movant construes Gomez and Alleyne to mandate that a court must presume that the jury relied on the "least culpable offense" as the predicate crime.[2] Thus, in the instant case, the Movant contends that this Court would be required to assume that in deliberating on Counts 5 and 6, the jury determined the conspiracy to commit a Hobbs Act robbery to be the operable predicate offense. He asserts that since Davis and Brown held that Hobbs Act conspiracy does not qualify as a "crime of violence" for purposes of §§ 924(o) and (c), the Movant's convictions on these counts must be vacated.

B. Government's Response

The Government asserts that the Movant is precluded from raising his claim because he did not raise it in prior proceedings. In United States v. Frady, 456 U.S. 152 (1982), the Supreme Court held that in order to obtain collateral relief based on trial errors to which no objection was made at the time of trial, a convicted defendant must show both cause excusing his failure to raise the issue at a proper

---

[2] The Movant believes that this approach is bolstered by Shephard v. United States, 544 U.S. 13, 26 (2005), which held that "enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense [thereby qualifying as a predicate offense under the ACCA] is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."

earlier review stage and actual prejudice resulting from the errors. If a movant cannot show both cause and actual prejudice, his motion cannot be considered unless the movant can demonstrate "actual innocence": that is, he must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Bousley v. United States, 523 U.S. 614, 622-23 (1998). The Eleventh Circuit has construed "actual innocence" to mean "factual innocence, not mere legal insufficiency," and stated that "the exception is a narrow one." McKay v. United States, 657 F.3d 1190, 1197-98 (11th Cir. 2011) (emphasis in original).

The Government points out that in the instant case, the Movant did not attempt to show cause for failing to raise his argument on direct appeal. The Government acknowledges that while novelty of a claim may constitute sufficient cause for purposes of this analysis, a claim is not novel where "others were recognizing and raising the same or similar claims" before or during the time when the movant failed to do so. Pitts v. Cook, 923 F. 2d 1568, 1572 (11th Cir. 1991). Moreover, "[e]ven if others have not been raising a claim, the claim may still be unnovel if a review of the historical roots and development of the general issue involved indicate that petitioners did not 'lack[] the tools to construct their constitutional claim.'" Id. (quoting Engle v. Issac, 456 U.S. 107, 133 (1982)). The Government asserts that the tools to construct the vagueness claim which was successful in Davis existed long before that decision was rendered. Therefore, the Government contends, the Movant has not demonstrated cause for failing to raise his claim on direct appeal.

The Government also asserts that the Movant has failed to show actual prejudice. First, the Government notes that the Movant's total sentence was 295 months imprisonment, a number less than the maximum permitted for Counts 1-4 (life imprisonment for Counts 1 and 2 and 20 years for each of Counts 3 and 4). The

6

Government quotes <u>United States v. Hester</u>, 287 F.3d 1355, 1357 (11th Cir. 2002), which held that because "the maximum sentence does not exceed the aggregate statutory maximum for the multiple convictions, no effect on substantial rights has occurred that must be remedied."

The Government also points out that the Movant was found guilty of three other offenses (Hobbs Act robbery, attempted Hobbs Act robbery and conspiracy/attempt to possess with intent to distribute a controlled substance) which were predicate offenses sufficient to sustain a § 924(c) conviction. The Government argues that this Court is not required, as the Movant contends, to presume that the jury utilized the invalid Hobbs Act robbery conspiracy as the predicate for the Movant's convictions on Counts 5 and 6. The Government asserts that <u>Gomez</u> supports its position based on Judge Carnes' concurring opinion, which states that on remand, the "district court will determine, in the first instance, which crimes constitute the basis for Gomez's § 924(c) sentence. If the drug trafficking crimes are the basis for Gomez's § 924(c) sentence, then <u>Johnson</u> is inapplicable and the court's analysis must end." <u>Gomez</u>, 830 F.3d at 1229.

The Government also relies on <u>In re: Cannon</u>, 931 F.2d 1236 (11th Cir. 2019), which also involved a defendant who was convicted of violating § 924(o) where multiple predicates, including Hobbs Act robbery conspiracy, were alleged. The court stated even though one of multiple alleged predicates is invalid, "the movant still bears the burden of proving the likelihood that the jury based its verdict of guilty in [the § 942(o) count] solely on the Hobbs Act conspiracy, and not also on one of the other valid predicate offenses identified in the count. . . ." <u>Id.</u> at 1243. The court noted that "in even the limited record before us, there is some indication that the jury's § 942(o) verdict did not rest solely on the conspiracy to commit the Hobbs Act robberies

7

predicate because (1) the robberies were inextricably intertwined with the charged conspiracy to possess with intent to distribute cocaine and marijuana, and (2) the jury found the narcotics conspiracy proven beyond a reasonable doubt." Id. at 1243-44. Thus, "[w]here a §924(o) verdict firmly rests on a clearly qualifying drug-trafficking predicate, there may not be a concern about a possible defect in a related crime of violence predicate." Id. at 1244 (citing United States v. Vasquez, 672 F. App'x. 56, 61 (2d Cir. 2016) and Davila v. United States, 843 F.2d 729, 731 (7th Cir. 2016)). In deciding whether to grant Cannon permission to file a successive § 2255 motion, the district court should consider the merits of the motion, as well as any defenses or arguments raised by the respondent, "such as waiver, procedural default, or the concurrent sentence doctrine." Id. at 1245.

The Government also cites Garcia-Barzaga v. United States of America, Case No. 19-cv-23089-Huck (ECF No. 9 at 7), in which United States District Judge Paul Huck denied the movant's §§ 2255 motion based on Cannon, finding that "there is no reasonable possibility that the jury's § 924(c) verdict rested solely on the Hobbs Act conspiracy. . . . because the armed robbery was inextricably intertwined with and in furtherance of the drug-trafficking offenses, which the jury found proven beyond a reasonable doubt."

The Government asserts that, based on the uncontested facts in the Movant's PSR, it is clear that the jury did not rely solely on the Hobbs Act robbery conspiracy as the predicate for his conviction on Counts 5 and 6 because that predicate was inextricably intertwined with the other alleged predicates, which the jury found to have been proved beyond a reasonable doubt. The Government argues that, as a result, the Movant cannot show that he was prejudiced by the inclusion of the Hobbs Act robbery conspiracy as a predicate offense for Counts 5 and 6.

8

### C. The Movant's Reply

The Movant first argues that he is not required to show cause and prejudice to excuse his procedural default because, based on the holdings of Davis and Brown that conspiracy to commit Hobbs Act Robbery is not a "crime of violence" for purposes of either the elements or the residual clause of § 924(c), he is "actually innocent" of the offenses alleged in Counts 5 and 6. He notes that pursuant to Murray v. Carrier, 477 U.S. 478, 496 (1986) and Bousely v. United States, 523 U.S. 614, 623 (1998), procedural default is excused where a defendant is "actually innocent" of the offense.

Alternatively, the Movant argues that he has shown sufficient "cause" for his failure to raise his Davis claim in prior proceedings because this claim was not available to him at the time of sentencing or direct appeal. Reed v. Ross, 468 U.S. 1, 15 (1984). That case held that a claim may be found not to have been "reasonably available" where the claim is "one in which this Court has articulated a constitutional principle that had not been previously recognized but which is held to have retroactive application."

The Eleventh Circuit consistently has held that Davis has established a new rule of constitutional law that applies retroactively. See, In re Hammoud, 931 F.3d 1032, 1038 (11th Cir. 2019). To support his argument that the Davis claim was not reasonably available to him previously, the Movant cites to Hargrave v. Dugger, 832 F.2d 1528, 1532-33 (11th Cir. 1991), where the court held that a Florida Supreme Court decision which was a direct reversal of Florida mitigating circumstances law was "a sufficiently 'clear break with the past,' so that an attorney representing the defendant would not reasonably have had the tools for presenting the claim in the state courts." Id. at 1531 (quoting Reed, 468 U.S. at 17)).

9

The Movant argues that he has established "prejudice" by reiterating his argument on the "least culpable offense" doctrine set forth in Stromberg, Gomez and Alleyne. The Movant contends that the language in Cannon which requires a movant to prove that the jury likely relied on the invalid predicate is dicta, and points out that the Cannon court did not address the applicability of Stromberg.

### D. Pre-Hearing Memoranda

Since the hearing on the § 2255 motion occurred more than a year after the motion was filed, the parties submitted supplemental memoranda. In his memorandum, the Movant cites three cases decided by Judge Huck which granted §2255 motions based on Stromberg and dismissing as dicta the language in Cannon regarding the Movant's burden of proof: Iramm Wright v. United States, Case No. 19-cv-24060 (ECF No. 11); Joshua Adside v. United States, Case No. 19-cv-24475 (ECF No. 19); Taurus Taylor v. United States, Case No. 20-cv-22618 (ECF No. 14).[3]

The Movant also cites Henry Wainwright v. United States of America, Case No. 19-cv-62364 (ECF No. 22), where Senior United States District Judge James I. Cohn also dealt with an argument based on Stromberg. Judge Cohn first observed that the Eleventh Circuit has articulated a three-prong test for invalidating a conviction under Stromberg: "a conviction cannot be upheld if (1) the jury was instructed that a guilty verdict could be returned with respect to any one of the several listed grounds; (2) it is impossible to determine from the record on which ground the jury based the conviction, and (3) one of the listed grounds was constitutionally invalid. Knight v. Dugger, 863 F.2d 705, 730 (11th Cir. 1988) (emphasis in original) (quoting

---

[3] Judge Huck does not mention his contrary decision in Garcia-Barzaga v. United States of America, Case No. 19-cv-23089-Huck (ECF No. 9 at 7). However, the undersigned notes that the Stromberg argument was not presented in that case.

Adams v. Wainwright, 764 F. 2d 1356, 1362 (11th Cir. 1985)) (internal quotation marks omitted)." Id. at 28.

In oral argument before Judge Cohn, the Government cited Cannon for the proposition that the burden was on the movant to show that a jury considering multiple predicates relied on the one which was invalid. Judge Cohn stated:

> This comment, however, which was not given in the context of a fulsome discussion and thus may be characterized as nonprecedential dicta, must be read within the context of the whole opinion. The Eleventh Circuit, just prior to making this statement, pointed out that "Cannon's predicate crimes appear to be inextricably intertwined." . . . The Eleventh Circuit's comment, therefore, is better interpreted as simply to note that Cannon would need to show that the predicate crimes for his conviction were not so inextricably intertwined that the jury's finding him guilty of his Hobbs Act offenses necessitated the jury's finding him guilty of the drug and carjacking predicates.

Id. at 30-31. Judge Cohn concluded that "[t]o interpret it otherwise, as the Government suggests, one would need to believe that the Eleventh Circuit intended to call into question not only its own, [ ] also the Supreme Court's, precedential authority on a question of constitutional law, without any discussion of those precedents, and in a single sentence." Id. at 31.

The Movant also cites Parker v. Sec'y for the Dept. of Corr., 331 F.3d 764 (11th Cir. 2003) for the proposition that an error based on Stromberg is not harmless, as recognized by Judge Huck in Wright, Adside and Taylor.

Regarding the issue of cause for his procedural default, the Movant cites Jose Gonzalez v. United States of America, Case No. 19-cv-24983 (ECF No. 9). In that case, United States District Judge Ursula Ungaro found that the movant, whose conviction occurred more than seven years before Johnson and more than ten years before Davis, had established the requisite cause to excuse his procedural default. She concluded that "Gonzalez's challenge to § 924(c) was not simply 'unacceptable to that

particular court at that particular time'; rather, it was not reasonably available to Gonzalez at the time of his direct appeal in 2008." Id. at 8.

The Government, in its response to the Movant's pre-hearing memorandum, argues that there was no Stromberg error in this case because unlike Stromberg, the jury in the Movant's case "was not silent on the Movant's guilt as to the three alternative theories that could have supported the 924(c) and 924(o) convictions (Counts 1-2 and 4)." (ECF No. 16 at 3) The jury found the Movant guilty of conspiracy and attempt to possess with intent to distribute narcotics, as well as attempted Hobbs Act Robbery. The Government contends that it was impossible for the jury to find the Movant guilty of carrying a firearm in furtherance of a conspiracy to commit Hobbs Act robbery without also finding that he carried a firearm in furtherance of an attempted Hobbs Act robbery, as well as a conspiracy and attempt to possess with intent to distribute narcotics.

Regarding the Movant's Cannon arguments, the Government points out the Eleventh Circuit recently affirmed the analysis employed in that case in another decision, Calderon v. United States, 811 F. App'x 511, 516-17 (11th Cir. 2020). The Government also emphasizes that appellate courts in two other circuits have upheld § 924(c) convictions based on a similar analysis. United States v. Vasquez, 672 F. App'x. 56, 61 (2nd Cir. 2016); Davila v. United States, 843 F.3d 729, 731 (7th Cir. 2016).

Finally, the Government argues that even if the Movant's convictions on Counts 5 and 6 were error, that error was harmless. The Government notes that this was Judge Ungaro's conclusion in the Gonzalez case cited by the Movant.

### III. MOTION TO STAY THE PROCEEDINGS

The Government asks this Court to stay the proceedings because the 11th Circuit recently heard argument on Cannon's appeal of the trial court's decision on remand. The Movant opposes this request because the Court was not asked to address the applicability of Stromberg. In response to the undersigned's Order, the Government produced the transcript of the oral argument in "Cannon II." (ECF No. 21-1) A review of the transcript reveals no mention of Stromberg in the argument, and the questions posed by panel members indicates that the judges will consider whether the valid predicate crimes were "inextricably intertwined" with the invalid Hobbs Act conspiracy predicate.

At the hearing on the instant Motion, counsel for the Movant suggested that if this Court were inclined to stay the proceedings, there are two cases awaiting argument before the 11th Circuit which clearly present the Stromberg argument in connection with the issue under consideration here: Carlos Granada v. United States, 11th Cir. Case No. 17-15194 (scheduled for oral argument on January 14, 2021) and Anthony Foster v. United States, 11th Cir. Case No. 19-14771 (scheduled for oral argument on January 12, 2021). (ECF No. 20)

As illustrated by the conflicting decisions issued by Judge Huck, the Eleventh Circuit must determine what, if any impact Stromberg has on the analysis articulated in Cannon. It also is possible that other questions may be answered in cases pending before the Eleventh Circuit: whether the Davis claim was available at the time of the Movant's direct appeal, thereby preventing him from establishing cause for failure to raise it at that time; whether the Movant suffered prejudice when his total sentence was below the statutory maximum; and whether neither cause nor prejudice must be shown because Davis renders the Movant "actually innocent" of the

offenses charged in Counts 5 and 6. Each of these questions is a close one with compelling arguments on each side.

The undersigned believes that the interest of judicial economy will be served by staying consideration of the Movant's Motion to Vacate until the three cases cited by the parties are decided by the Eleventh Circuit. The Movant will not be prejudiced by the stay, since he has not completed the sentence imposed by this Court on Counts 1-4. The parties should be directed to notify this Court as soon as the decisions in the three appellate cases are issued.

## IV. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Court reserve ruling on the Movant's Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 7) and the Government's Motion to Stay the Proceedings (ECF No. 16) be GRANTED until such time as the Eleventh Circuit issues its opinions in the second Cannon case and in Carlos Granada v. United States, 11th Cir. Case No. 17-15194 and Anthony Foster v. United States, 11th Cir. Case No. 19-14771. It is further RECOMMENDED that the parties be directed to notify this Court as soon as those opinions are issued.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C.

§ 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 3rd day of December, 2020.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record